Frank J. Schlehofer
LAW OFFICE OF WILLIAM G. AZAR, P.C.
800 E. Dimond Blvd. Suite 3-440
Anchorage, Alaska 99515
Tel: (907) 344-3434
Fax: (907) 349-1687
fjschlehofer@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, )<br>)<br>Plaintiff,   )<br>)<br>vs.          )<br>)<br>USANEE ASSAVAPISALBOOL and )<br>LOUISA SKIPPER,        )<br>)<br>Defendants   )<br>_____) | Case No. A05-101 Civil (JKS) |

## MOTION TO REDEPOSE DEFENDANT USANEE ASSAVAPISALBOOL AND FOR COSTS

COMES NOW defendant Louisa Skipper, by and through her attorneys, the Law Office of William G. Azar, P.C., and files this Motion to Redepose Usanee Assavapisalbool and for Costs.  This motion is based on Usanee Assavapisalbool and her counsel's refusal to answer pertinent questions at her deposition and new issues regarding whether she perjured herself during the deposition.  Defendant Skipper's counsel certifies that he attempted in good faith to resolve this issue

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 1 of 17

at the deposition and through correspondence on March 15, 2006. See Exhibit 1, letter to defense counsel and deposition testimony quoted extensively herein.

## I. INTRODUCTION

The case of Scottsdale Insurance Company v. Usanee Assavapisalbool and Louisa Skipper, involves a lawsuit filed by Scottsdale Insurance Company in Anchorage seeking a declaration that there is no coverage available for a lawsuit that was filed by Louisa Skipper in Barrow, Alaska against taxi-cab driver Usanee Assavapisalbool. See First Amended Complaint filed by Scottsdale Insurance Company August 17, 2005, on file in federal court. Scottsdale Insurance Company alleged in its complaint that the insurance policy for the taxi-cab does not provide insurance coverage for the injuries sustained by passenger Louisa Skipper at the hands of the taxi-cab driver, Usanee Assavapisalbool. Id. Both negligent and intentional claims were pled by Louisa Skipper but Scottsdale Insurance Company nevertheless denied the entire claim and filed the declaratory action. See Attachment A to Scottsdale's First Amended Complaint. Attachment A is a copy of the complaint filed by Skipper in Barrow, Alaska alleging both negligent and intentional claims.

One of the main contentions of Scottsdale Insurance

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 2 of 17

Company in its complaint is that the actions of the taxi-cab driver were intentional and thus outside the scope of insurance coverage. See Scottsdale Insurance Company's First Amended Complaint on file, ¶ 9. It is Louisa Skipper's position that there is insurance coverage for her injuries. A counter-claim was filed against Scottsdale Insurance Company for its actions in denying coverage in this case. Thus, the actions on the day that Louisa Skipper was injured by taxi-cab driver Usanee Assavapisalbool are directly relevant to the insurance coverage issues and the declaratory action filed by Scottsdale Insurance Company.

Both Louisa Skipper and Usanee Assavapisalbool live in Barrow, Alaska and the claim arose in Barrow, Alaska. See Exhibit 2, Deposition of Usanee Assavapisalbool, depo pp. 5-6. Arrangements were made to take the deposition of Usanee Assavapisalbool in Anchorage. In addition, a Thai interpreter had to be utilized because of Usanee Assavapisalbool's difficulties with English. See Exhibit 2, depo pp. 4-5.

Despite Usanee Assavapisalbool having a limited English vocabulary, she filed and signed an extensive, five page typed answer to plaintiff's tort-action with the Barrow court. See Exhibit 3. Usanee Assavapisalbool testified at her deposition that this document, which was attached as Exhibit 2

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 3 of 17

to her deposition, was translated into English by a friend of hers because her English skills are not very good. <u>See</u> Exhibit 2, depo p. 24. Mark Sandberg, the attorney for Scottsdale Insurance Company, asked Usanee Assavapisalbool who the friend was that typed the answer. Usanee Assavapisalbool refused to provide that name, "because the person does not want to be involved with this case." <u>Id</u>. at pp. 24-25.[1] She was then asked whether this letter, i.e. the answer to the complaint, truthfully told what happened that day. <u>Id</u>. at p. 25. She testified that there were a couple of mistakes due to miscommunication or a mistake with her friend. <u>Id</u>. at depo pp. 25 and 38-39. Counsel for Skipper followed-up on the author of this report starting at page 38 of Usanee Assavapisalbool's deposition.

    Q:    Did any of your taxicab friends help you type Exhibit 2?

    **A:    No. But he does not want to reveal – he does not want me to reveal his name.**

    Q:    Is it your position that there is some miscommunication in Exhibit 2?

MR. CALL: Objection to the form of the question. I don't think you've established she could even read Exhibit 3 – Exhibit 2.

---

[1] On deposition p. 24, the defendant made no mention that the person who typed the answer was being threatened with banishment but simply said that the person did not want to be involved. Rather, it was Mr. Call, her attorney, who inappropriately interrupted and alleged that, "he doesn't want to get threatened with banishment from Barrow."

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 4 of 17

BY MR. SCHLEHOFER:

Q: Go ahead.

A: **Yes. Because the person who helped me type the letter is not a taxi driver, and he - the person does not know much about taxi and things like that. And so we did not sit down and talk over it. We were too busy to do that**.

Q: So you think your friend typed part of this up wrong?

INTERPRETER: Can you repeat that for the interpreter?

Q: Do you think your friend misunderstood you when he or she typed up Exhibit 2?

A: **Like I explained or answered before to the other attorney, it's that most of everything, pretty much everything is correct, except the three points I mentioned.**

**First, the $5 that I received, and the letter said I did not.**

**The second thing is the round-trip situation. My friend did not know how to explain that.**

**And the third thing is the purse, the wallet that I found. It was outside of the car.**

**Those were the three that were not accurate.**

Q: This is not a question, it's just a statement to you. And your attorney can talk to you. But under Alaska law, there is no privilege for witnesses.

MR. SCHLEHOFER: Go ahead. [To the interpreter]

INTERPRETER: Can you repeat that for the interpreter? I didn't hear some part of your statement.

MR. SCHLEHOFER: Sure.

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 5 of 17

BY MR. SCHLEHOFER:

Q:   This is not a question to you, this is a statement. And you can talk to your attorney. But under Alaska law, people have to disclose the names of witnesses. So I will ask you the question, and you can talk to your attorney.

   But I would like to know who the name of your friend is that helped, that typed this up.

INTERPRETER:   Did you say that it was under Alaska law that a witness name need to be – need to be revealed?

MR. SCHLEHOFER:   Correct, yeah. And Mr. Call can disagree with me if he wants, or you can go off record, if you want, and talk to your client.

MR. CALL:   It is our position that because Ms. Skipper threatened to have Usanee banished from Barrow, we're not going to – I'm not instructing my client to answer that question.

   If you wish to file a motion with the court and have the court compel her to tell you who typed this up, that's fine.

MR. SCHLEHOFER:   Okay.

MR. CALL:   But I'm not subjecting other residents of Barrow to your client's continued threats to have them banished from town.

MR. SCHLEHOFER:   This is not for you. [Statement below directed to attorney Blake Call]

   You have a duty, if you don't want to have her answer this, to move for a protective order. I will tell you, Blake – and you can think about it, if you want – but if we move for this, we're going to want another deposition, you will pay all the costs of flying down here, you'll pay for the court reporter, you'll pay for the translator, everything. So you can think about it.

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 6 of 17

MR. CALL:        Yes.  And I've thought about it.  And knowing Judge Jeffery, good luck in convincing Judge Jeffery that it has any relevance to anything.  But you want you want.  I don't care.

MR. SCHLEHOFER:   This is a deposition in a federal action.

MR. CALL:        I don't care.  I'm not instructing my client to answer.  She has told you her friend does not want her to answer.  That's where it is.

MR. SCHLEHOFER:   Right.  And she's claiming there's a miscommunication with her friend.  There's no privilege under Alaska law.  You have a duty to move for a protective order.  So if you lose on this, we're going to be asking for our time, the cost of the court reporter and the translator.  So if you want to take that risk, when you know how liberal discovery depositions are, that's fine.

MR. CALL:        Why don't you ask her questions about what's mistaken in that?  What does the – I guess I don't understand what the identity of the typist has to do with anything, when the client is here to answer your question.

MR. SCHLEHOFER:   It presumes that she is correct and typist is wrong, okay?  We have a right to find out who the typist is, what she said to the typist, because this is a very detailed report.  Were more than one draft done, several drafts, et cetera.  It could lead to a whole host of information.  And we do not have to rely on the credibility of your client solely.

                 Okay.  We can forget about that subject.  We'll go on to the rest.

MR. CALL:        And I would note for the record that I'm not the attorney of record in this matter either.  And

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 7 of 17

```
                        you're telling me I need to instruct her to
                        something.  Well, thank you for your opinion,
                        but I'm not a party to this case.

MR. SCHLEHOFER:         Okay.  Well, then I guess she would have to
                        bear the cost, then.

MR. CALL:               As she did fly down here on her own nickel.
```

See Exhibit 2, depo pp. 38-43.

**II.   USANEE ASSAVAPISALBOOL AND HER ATTORNEY IMPROPERLY REFUSED
       TO ANSWER QUESTIONS THAT COULD LEAD
       TO ADMISSIBLE EVIDENCE**

As explained to Usanee Assavapisalbool and her counsel at her deposition, the identity of the typist could lead to numerous admissible evidence. That individual would have first-hand knowledge regarding what Usanee Assavapisalbool told him about what happened on the date Louisa Skipper was injured. In this case, there are no witnesses to the events that occurred between Louisa Skipper and Usanee Assavapisalbool inside the taxi-cab. Thus, the testimony of the individual who spoke with Usanee Assavapisalbool and typed up her answer would clearly lead to admissible evidence because he spoke in detail with Usanee Assavapisalbool regarding those events. Likewise, there could be hand-written notes by the typist or by Usanee Assavapisalbool that she provided to this individual and several drafts of the answer. It is Usanee Assavapisalbool's position that there are three errors in the answer that do not

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 8 of 17

represent her position and that these were mistakes made by her friend but the friend could very well testify that he did not make any mistakes and that she reviewed the draft report in detail and made corrections before signing it.

Federal Rule of Civil Procedure 30(d)(1), states, "a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." In this case, the defendant was not asserting a privilege such as the physician/patient privilege, attorney/client privilege, or any other privilege applicable to herself. Likewise, it goes without saying that potential witnesses are not entitled to withhold from the parties their names, addresses or telephone numbers simply because they do not wish to become involved in the litigation. Under Federal Rule of Evidence 501, State law governs the privilege of a witness. Alaska Evidence Rule 501 specifically states that except as otherwise provided by the Constitution or the Alaska Legislature or by other rules promulgated by the Alaska Supreme Court, "no person, organization, or entity has a privilege to: (1) refuse to be a witness; or (2) refuse to disclose any matter; or (3) refuse to produce any object or writing; or (4) prevent another from being a witness or disclosing any matter

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 9 of 17

or producing any object or writing."[2]

In this case, the defendant Usanee Assavapisalbool, based on the advice of her attorney, refused to answer any questions regarding the identity of the person who prepared the answer to the complaint on her behalf.  The defendant and her counsel knew this was not an inexpensive or simple deposition to schedule but involved the coordination of three different counsel, a trip by the defendant from Barrow to Anchorage, and the coordination of a Thai translator from Washington, D.C. See Exhibit 2, depo p. 4.

Skipper specifically pointed out to Usanee Assavapisalbool and her counsel at the deposition that if she wanted to, she could move for a protective order.  Federal Rule 30(d)(4) specifically states, "Upon demand of the objecting party or deponent, the taking of the deposition must be suspended for the time necessary to make a motion for an order.  The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."  Nevertheless, when warned again to "think about it," the deponent upon advice of her counsel, specifically chose not to answer the question or move for a protective order.  Faced with the choice of abandoning

---

[2]  Also see Federal Rule 26(a)(1)(A), a party must state, "the name and, if known, the address and telephone number of each individual likely to have discoverable information..."

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 10 of 17

the deposition or continuing, Louisa Skipper continued with the deposition, as was her right under Civil Rule 37(a)(2)(B). "When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order." Id.

### III. DEFENDANT USANEE ASSAVAPISALBOOL HAS NOT SHOWN GOOD CAUSE FOR FAILING TO ANSWER THE QUESTIONS NOR DID SHE OR HER COUNSEL MOVE FOR A PROTECTIVE ORDER

The only basis made by the defendant Usanee Assavapisalbool for not answering questions regarding who helped draft the detailed five page typed answer to the complaint was an unsupported assertion of possible "banishment" by Louisa Skipper against the author of the document. Suffice it say, this proposition is not only unsupported by any admissible evidence but belies the fact that the actual tort-feasor in this case, taxi driver Usanee Assavapisalbool, has not been "banished" from Barrow by 72 year old Louisa Skipper, but has lived in Barrow for five years and continues to live in Barrow. See Exhibit 2, deposition testimony at pp. 5 and 6.

Usanee Assavapisalbool has the burden of convincing the court that there is a tangible and actual threat of banishment by a 72 year old woman and that somehow assuming that there is an actual threat of banishment based on first-hand knowledge, that this threat was going to be made to the

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 11 of 17

individual who prepared the answer on behalf of Usanee Assavapisalbool.

Nor did Usanee Assavapisalbool or her counsel try to engage in any constructive resolution before or during the deposition seeking reassurances from Skipper, through her counsel, that this individual would not be threatened with banishment.  This was an issue the defendant knew would arise prior to the deposition.  That was made clear by defense counsel's unsolicited interjection on page 24 and 25 of the deposition where he stated that this individual, "doesn't want to get threatened with banishment from Barrow." Yet the defendant chose to wait until the actual deposition to raise this issue.  <u>See</u> Affidavit of Counsel.  If banishment was genuinely the concern of Usanee Assavapisalbool and her counsel then the defendant could have sought verbal assurances from Skipper's counsel that he would speak to Skipper and no such actions would take place.  Instead, there was a flat-out refusal to provide this information.

Lastly, despite the advice of Usanee Assavapisalbool's counsel not to answer Louisa Skipper's questions, he stated on pages 42 and 43 of the deposition that he is not the attorney of record and he is not a party to the case.  However, he represents Usanee Assavapisalbool in the

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 12 of 17

underlying tort action in Barrow and referred to Usanee Assavapisalbool as his client in the deposition.  Id. at 41.  Civil Rule 30(d)(1) specifically applies to any person.  "A person" may instruct the deponent not to answer only when necessary to preserve a privilege, etc.  Likewise, Civil Rule 30(d)(3) states that, "If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorneys fees incurred by any parties as the result thereof."  See also Rule 37(a)(4)(A) and Phinney v. Paulshock, 181 F.R.D. 185, 206-207 (1998) (Sanctions imposed against attorney even though he was not the witness's attorney.)

### IV.  A SECOND DEPOSITION OF USANEE ASSAVAPISALBOOL IS JUSTIFIED UNDER ALL THE CIRCUMSTANCES INCLUDING NEWLY DISCOVERED EVIDENCE

A second deposition is justified due to the defendant Usanee Assavapisalbool refusing to answer questions regarding who prepared the answer to the complaint in the underlying case.  Usanee Assavapisalbool's view was that the three mistakes were made by the typist, when in fact this presumes that the typist made a mistake and not the defendant herself.  As this counsel stated in the deposition on p. 42, "We do not have to rely on the credibility of your client solely."

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 13 of 17

The credibility of Usanee Assavapisalbool is directly at issue. The defendant was asked directly in her deposition on pages 56 and 57 whether she was aware of any other passenger complaints from the taxi-cab commission or others to which she stated, "no." However, there are significant issues that were just discovered on April 4, 2006, which support that the defendant perjured herself in her deposition when testifying she had never heard of any complaints from the taxi-cab commission or anyone else.

Prior to the deposition on March 1, 2006, taxi-cab passenger Eva Brower had filed a formal complaint with the taxi-cab commission on August 22, 2005. <u>See</u> Exhibit 4, p.3. In that formal complaint, she complained that the driver of Arctic Cab, C-17, Usanee Assavapisalbool, asked her whether she was interested in buying "weed" or "ice," otherwise known as "crystal meth" or methamphetamines.[3] The customer replied that she was pregnant and she did not do that stuff. Attached as Exhibit 4, page 5, is another taxi-cab complaint form from Clara Kious regarding the same incident. At the top of this complaint form for Clara Kious, it says, "C-17: Will call driver for log copy @ 5:00 p.m." As can be seen at the back of

---

[3] In the typed answer to the complaint, the defendant also opened the door to her character and reputation by referring to her prior good acts and attached letters supporting her good character. <u>See</u> Exhibit 3.

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 14 of 17

Exhibit 4, the taxi-cab log notes from driver Usanee Assavapisalbool were in fact provided. Defendant Usanee Assavapisalbool will probably file an affidavit stating she had no knowledge of this allegation regarding selling drugs but it is well known that, "actual knowledge can be inferred from circumstantial evidence." <u>Adams v. Adams</u>, Supreme Court No. S-11716 (Alaska 2/24/2006) <u>See</u> <u>also</u> <u>In re: Su</u>, 290 F.3d 1140, 1146 n.6 (9th Cir. 2002) (Bankruptcy court can consider circumstantial evidence in determining whether debtor actually knew harm to creditor was substantially certain.)  A trier of fact could reasonably conclude that a request for taxi logs would be a red flag to any taxi-cab driver that she was being investigated, especially if limited log notes were requested at the same time period the driver had offered to sell drugs to a pregnant taxi-cab passenger.

Obviously it is a fair proposition that Usanee Assavapisalbool has possession and control of her taxi-cab log notes and had reason to be aware that an issue had arisen since her taxi-cab log notes were provided to the taxi-cab commission.  A trier of fact could also conclude that a reasonable person would ask why the log was requested.

### V.   **RELIEF REQUESTED**

Louisa Skipper requests the following relief:

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 15 of 17

1. The right to redepose defendant Usanee Assavapisalbool in Anchorage, Alaska;
2. That the costs of the second deposition including that of the court reporter and the translator be paid by Usanee Assavapisalbool and attorney Blake Call within ten days of the deposition, which amounts will be jointly and severally owed by the defendant and her attorney Blake Call;
3. That Usanee Assavapisalbool will show up at the deposition at her own expense in Anchorage, Alaska To the extent the parties are unable to come up with a mutually convenient date for the deposition within 30 days, Louisa Skipper has the right to unilaterally set the time and date of the deposition during business hours Monday through Friday as long as 30 days notice is given and Blake Call is not actually participating in a trial; and
4. That Usanee Assavapisalbool and her attorney, Blake Call, are jointly and severally liable for reimbursing Louisa Skipper's counsel $900 for the costs of preparing this motion.[4]

---

[4] See Affidavit of Counsel.

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 16 of 17

DATED at Anchorage, Alaska this 7th day of April 2006.

By:/s/ Frank J. Schlehofer_____
Frank J. Schlehofer
William G. Azar, P.C.
800 E. Dimond, Suite 3-440
Anchorage, Alaska  99515
Phone:  907-344-3434
Fax:  907-349-1687
Email: fjschlehofer@yahoo.com
Alaska Bar No. 9011111

**CERTIFICATE OF SERVICE**
I hereby certify that on this 7th day of April, 2006, a true and correct copy of the foregoing was served electronically on:

Mark A. Sandberg, Esq
msandberg@aol.com

and Hand-Delivered to:

Blake Call, Esq.
Call, Hanson & Kell, P.C.
250 H Street
Anchorage, Alaska  99501


_/s/  Traci L. Mosholder___
Traci L. Mosholder

Defendant Skipper's Motion to Redepose Usanee Assavapisalbool and for Costs
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 17 of 17