Blake H. Call
Call, Hanson and Kell, P.C.
250 H Street
Anchorage, AK 99501

Phone:   258-8864
Fax:     258-8865
E-Mail:  bhc@chklaw.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SCOTTSDALE INSURANCE
COMPANY,

    Plaintiff,

vs.

USANEE ASSAVAPISALBOOL and
LOUISA SKIPPER, ,

    Defendants.

Case No. A05-101 Civil (JKS)

**LIMITED OPPOSITION TO MOTION FOR SANCTIONS**

  Defendant Louisa Skipper filed a motion to re-depose defendant Usanee Assavaposalbool and for costs against defendant and Blake Call on April 7, 2006. Blake Call hereby opposes the motions for sanctions and the motion to re-depose defendant at her own cost. Skipper's motion was not

served on Assavapisalbool, and, therefore, sanctions against her individually would be inappropriate.

Plaintiff seeks costs and sanctions for a deposition that they did not notice, and for which they did not pay any of the substantial costs. The undersigned assumes that if the defendant, Skipper, wishes to redepose the defendant Assavapisalbool, she can do so at her costs. To claim that the fact that the plaintiff, Scottsdale, paid for a deposition of the defendant for its own reasons means that the court should order Assavapisalbool to pay her own way back to Anchorage defies logic and is not supported by any Federal Rule of Civil Procedure or case law.

This case involves an Inupiat woman (Skipper) who told an oriental cab driver (Assavapisalbool) that she would have her family have Assavapisalbool banished from Barrow as a result of their disagreement over two dollars of a cab fare. See Exhibit 2 at pp. 16 of 17 (deposition of Assavapisalbool at 52 – Skipper threatened to have her banished from Barrow). Defendant Assavapisalbool does not want the person who did her a favor involved in the case in light of her promise not to involve that person.

Assavapisalbool answered every question about the disagreement she had with the text of the translated document. See Exhibit 2 at p. 43-49. Counsel for Skipper never directed anything to Assavapisalbool regarding his position as to what Assavapisalbool needed to do as an unrepresented

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

party in a Federal Court action: "This is not a question to you – this is a statement …" <u>Id.</u> at p. 40, line 9. That "statement" was never translated to Assavapisalbool. It may be Skipper's position that defendant Assavapisalbool is required to provide the identity of her translator, but counsel had no obligation to "direct" his client from the state court action to do anything in the Federal Court action.

  Plaintiff notes that the Federal Rules do not allow a person to instruct a witness to <u>NOT</u> answer a question unless a privilege or other relevant objection is made. Nowhere do the Federal Rules direct that an attorney is required in a case in which he has not entered an appearance, to <u>AFFIRMATIVELY</u> provide legal advice regarding whether the unrepresented witness should answer a question. The undersigned counsel did not instruct the witness not to answer. Instead, counsel merely informed Mr. Schlehofer that he was not going to instruct her TO ANSWER the question as (1) all the appropriate questions could be answered without the name of the typist; (2) counsel was not counsel of record in the Federal Court action and (3) Skipper could move to compel an answer from Assavapisalbool if he so desired, but he had provided no advanced notice of his intent to ask these questions and the question was designed solely to harass. <u>See</u> <u>Id.</u> at 40-43. Skipper states that the undersigned could have moved for a protective order since he knew that Skipper had threatened Assavapisalbool with banishment. <u>See</u> Motion for Sanctions at p. 12 of 17.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Skipper can point to nothing that she was not allowed to ask Assavapisalbool at deposition. Assavapisalbool explained three minor miscommunications due to the typist's lack of knowledge of taxi service. Skipper can point to nothing additional that needs to be answered, other than an apparent attempt to continue the harassment of Assavapisalbool and anyone who has the audacity to assist this woman when she thought she had no insurance. See Assavapisalbool's Answer, Exhibit 3 to Skipper's Motion for Sanctions.

Skipper notes that Assavapisalbool needs to move for a protective order. She does so here.[1] This court should deny Skipper's motion for sanctions. Skipper states that Assavapisalbool refused to answer on advice of counsel, but he fails to note that when he asked Assavapisalbool why she would not identify the typist she responded that she promised to keep the typist out of the court case. Skipper fails to point to one citation to the record whereby the undersigned directed Assavapisalbool NOT TO ANSWER. The undersigned merely noted that Assavapisalbool is a pro se litigant and has her own opinion on answer and that the undersigned was not going to direct her to answer the question.

Therefore, Skipper's requests for sanctions against the undersigned are lacking in merit and specious, at best.

---

[1] Assavapisalbool is unrepresented in this Federal Action and the undersigned requests a protective order as a courtesy, as he is not counsel for Assavapisalbool in this action.

LIMITED OPPOSITION TO MOTION FOR SANCTIONS
Scottsdale v. Assavapisalbool, Case No. A05-101 CI
Page 4

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Skipper also alleges that Assavapisalbool should be re-deposed because of additional records they received. A review of those records, however, shows that the apparent complaint may never have been brought to the attention of Assavapisalbool. Previous counsel for Assavapisalbool requested all complaints from Barrow and forwarded those to counsel for Skipper. <u>See</u> Skipper's Exhibit 4 at 12 of 16 (letter from City with all complaints against Assavapisalbool). Nowhere does Skipper's "newly discovered and undisclosed documents" say that Assavapisalbool ever got notice of these complaints against her. Again, these records, other than embarrassing and unfounded rumors, have nothing to do with the questions Skipper asked Assavapisalbool at deposition. Skipper's request for sanctions should be denied and this court should provide Assavapisalbool with a protective order to prevent harassment by Skipper against her typist.[2]

CONCLUSION

Skipper never served the motion for sanctions on Assavapisalbool and therefore the motion should be denied. Skipper failed to have any instructions translated to Assavapisalbool regarding her counsel's position on identifying the witness and therefore has no basis to complain that Assavapisalbool did not answer the question. The undersigned never gave any advice to Assavapisalbool regarding responses to questions and

---

[2] This court should order oral argument on this issue to allow pro se litigant, Assavapisalbool to address the request for sanctions.

LIMITED OPPOSITION TO MOTION FOR SANCTIONS
Scottsdale v. Assavapisalbool, Case No. A05-101 CI
Page 5

therefore, Skipper's requests for $1,800 in sanctions against the undersigned is neither warranted nor supported by either law or fact.

                                              CALL, HANSON & KELL, P.C.

Dated: April 24, 2006

s/Blake H. Call
250 H Street
Anchorage, AK  99501
Phone:  (907) 258-8864
Fax: (907) 258-8865
E-mail: bhc@chklaw.net
ABA No. 8911051

Certificate of Service

I hereby certify that on April 24, 2006, a copy of the foregoing Opposition to Motion for Sanctions was served electronically on Frank Schlehofer and Mark Sandberg

and mailed to

Usanee Assavaposalbool
P.O. Box 1763
Barrow, AK  99723

s/Blake Call

LIMITED OPPOSITION TO MOTION FOR SANCTIONS
Scottsdale v. Assavapisalbool, Case No. A05-101 CI
Page 6

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865