Frank J. Schlehofer
LAW OFFICE OF WILLIAM G. AZAR, P.C.
800 E. Dimond Blvd. Suite 3-440
Anchorage, Alaska 99515
Tel: (907) 344-3434
Fax: (907) 349-1687
fjschlehofer@yahoo.com


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SCOTTSDALE INSURANCE COMPANY, )
                              )
            Plaintiff,        )
                              )
     vs.                      ) Case No. A05-101 Civil (JKS)
                              )
USANEE ASSAVAPISALBOOL and    )
LOUISA SKIPPER,               )
                              )
            Defendants        )
_____)


**<u>LOUISA SKIPPER'S REPLY TO LIMITED OPPOSITION
TO MOTION FOR SANCTIONS [sic Costs]</u>**

COMES NOW defendant Louisa Skipper, by and through her attorneys, the Law Office of William G. Azar, P.C., and files this Reply to Usanee Assavapisalbool's counsel's Opposition.

### I.  <u>An Attorney Cannot Obtain the Benefits of Representing a Client at a Deposition Then Unilaterally Disavow any Burdens Associated With That Representation</u>

Usanee Assavapisalbool's counsel assumed a duty when he knowingly participated in the deposition on behalf of his

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 1 of 11

client.  Likewise, no attorney objected to his participation.  No attorney objected to him providing advice to his client.  And no attorney disputed his right to object to certain deposition questions directed to his client.  <u>See</u> <u>e.g.</u>, objections and or statements by defense counsel at depo. pp. 29, 33, 35, 38, 40, etc.  Now that the deposition has been concluded, counsel cannot take the inequitable position that he did not represent his client at the deposition after he obtained all the benefits of representing her at the deposition.  Moreover, whether he was the attorney of record or not, Civil Rule 30(d)(3) authorizes sanctions not just against attorneys but any "person," if there was, "any impediment, delay, or other conduct" that frustrated the fair examination of the deponent.  Likewise, Civil Rule 30(d)(1) applies to any "person."

II. **<u>Defense Counsel Does not State Whether He Sent a Copy of Skipper's Motion to his Client and Unless He Informs the Court Otherwise in Five Days, it Should be Presumed He Did So</u>**

Defense counsel complains that Skipper's Motion was not served on Usanee Assavapisalbool individually.[1]  On the certificate of service, defense counsel shows that he mailed

---

[1] Since Usanee Assavapisalbool did not file an Entry of Appearance or Answer, under the Civil Rules other motions were not required to be served on her as a defaulting party.  Fed. R. Civ. P. 5(a).

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 2 of 11

his Limited Opposition to his client, Usanee Assavapisalbool. What is noticeably absent from his Limited Opposition is any statement whether he sent a copy of Louis Skipper's opening Motion to his client. It is a disservice to the court to not say whether he forwarded the opening motion. Certainly his client will wonder why she is receiving a Limited Opposition. Consequently, unless defense counsel informs the court otherwise within five days, the court should rightfully presume that Skipper's motion was forwarded to Usanee Assavapisalbool by her attorney.[2]

With regard to whether Skipper's counsel felt comfortable serving the opening Motion on Usanee Assavapisalbool, counsel was in an ethical Catch-22 situation. If he had directly sent a copy of the motion to Usanee Assavapisalbool when Blake H. Call currently represents her in the underlying tort action and actively defended her in the deposition, then counsel could have been accused of improper contact with a party represented by counsel. Likewise, the problem with defense counsel's position that he did not represent Usanee Assavapisalbool in her deposition, is that the logical extension is that Skipper's counsel could in fact call

---

[2] To the extent defense counsel already forwarded the opening motion, then it was misleading to devote a substantial portion of his opposition to whether Usanee Assavapisalbool was served or not.

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 3 of 11

up Usanee Assavapisalbool today and talk to her directly. Certainly, that is problematic. Thus, this reply again is not being served directly on Usanee Assavapisalbool but is being served on Call, Hanson & Kell, who in turn can forward it directly to Usanee Assavapisalbool

### III. Skipper Does Not Seek Costs for the Past Deposition but for the Costs of a Future Deposition and Filing this Motion

Usanee Assavapisalbool states that Skipper is seeking costs for the past deposition. This is inaccurate. Skipper is seeking costs for having to file this motion and for the costs of having to do a second deposition in the future due to Usanee Assavapisalbool's refusal to answer questions. The Civil Rules, as pointed out in the opening motion, specifically support the costs that Skipper is seeking.

### IV. Counsel for Usanee Assavapisalbool Has Employed Doublespeak (Not to Answer vs. Not Direct her to Answer) and Failed to Inform His Client of the Consequences of Not Answering Deposition Questions

Two alternative bases for sanctions were argued in the opening motion: Civil Rule 30(d)(1) and Civil Rule 30(d)(3). See Opening Motion at p. 13. Thus, even if defense counsel's instructions to his client could somehow be construed to fall outside Civil Rule 30(d)(1), it does not fall outside of Civil Rule 30(d)(3):

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 4 of 11

> If the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

Fed. R. Civ. P. 30(d)(3).

Counsel for Usanee Assavapisalbool has employed a narrow construction regarding his advice to his client by stating that he did not instruct her "not to answer" but simply stated that he was **not** going to instruct her **to** answer. This type of argument is disingenuous. Certainly his client could not appreciate this fine distinction, given her limited English.

The entire thrust of the disagreement on the record centered around Usanee Assavapisalbool's refusal to answer questions regarding who had typed up the extensive answer to her complaint in the underlying tort action. Defense counsel cannot avoid his duties as an attorney by not advising his client of the consequences under the Civil Rules when a person refuses to answer deposition questions.

Ironically, counsel also complains that the legal arguments between attorneys were not translated for Usanee Assavapisalbool. Defense counsel forgets that it his duty to legally advise his client of the ramifications and the fair

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 5 of 11

warning that was given to him during the deposition. It would have been improper for Skipper's counsel to direct his legal arguments to the deponent when her attorney is sitting next to her and she has no legal background. In fact, Skipper's counsel even suggested to Usanee Assavapisalbool's counsel that he could discuss this issue in private with his client. See depo. p. 40. "Mr. Call can disagree with me if he wants, or you can go off record, if you want, and talk to your client." Id. Mr. Call chose not to go off record and explain the legal ramifications to his client. Id. at 40-41.

With regard to any translation, it is not the duty of Skipper's counsel to translate the legal arguments for the benefit of the deponent. It is the responsibility of Usanee Assavapisalbool's attorney to explain to her the consequences of her actions and the fair warning given by Skipper's counsel. Nor can defense counsel complain that his client has difficulties with speaking and understanding English. This was known by everybody prior to the deposition and thus defense counsel could have arranged for a translator to be available to assist him in communicating with his client. Furthermore, if defense counsel wanted to, he could have asked the translator to translate for him. Instead, defense counsel chose not to communicate the risks and warnings to his client and instead

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 6 of 11

acknowledged his client may have to bear the cost of another deposition on her "own nickel."  See depo. p. 43.

Two other miscellaneous arguments are made by defense counsel.  The first argument is that Skipper's counsel, "provided no advance notice of his intent to ask these questions, and the question was designed solely to harass."  See Limited Opposition at p. 3.  First, it is rudimentary that no attorney has to tell the other side what their questions will be in advance of the deposition.  Second, it is obvious the question would be asked as to who typed her extensive five page answer when there was a Thai translator at the deposition.  In fact, it was not Mr. Schlehofer who asked the question first but it was Scottsdale's counsel, Mr. Sandberg.  See depo. p. 24.  The second argument defense counsel asserts is that he "merely noted" that Usanee Assavapisalbool was a *pro se* litigant who, "has her own opinion" as to whether she would answer the question.  Opposition at p. 4.  This contrasts with defense counsel's statement on the record that the decision not to answer was a joint decision, not simply the unilateral decision of Usanee Assavapisalbool.  "It is **our position** that because Ms. Skipper threatened to have Usanee banished from Barrow, **we're not going to** – I'm not instructing my client to answer that question."  See depo. p. 40.  Even if Usanee

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 7 of 11

Assavapisalbool did come to her own lay opinion, her attorney still had a duty to communicate the fair warnings given to her during the deposition and to educate her that her promise to the typist is not legally enforceable or privileged. This was not done and thus it is fair and appropriate that both Usanee Assavapisalbool and her counsel be jointly and severally liable for the costs of filing the motion to compel, and the costs of re-deposing her.

### V. A New Deposition is Justified Not Only on The Record as it Exists Now but Due to an Additional Affidavit Just Obtained that Confirms Usanee Assavapisalbool Lied in her Deposition

The request to redepose Usanee Assavapisalbool is justified alone based on her refusal to identify who prepared the five page answer to the complaint and the methamphetamine issues.[3] A second deposition of Usanee Assavapisalbool is also justified based on information just obtained from Gwen Edwardsen in Fairbanks Alaska. See Exhibit 1. Gwen Edwardsen worked for the City of Barrow off and on from 1998 to November 2003 in various jobs, one of which was Assistant Taxicab Director, which is also called the Taxicab Commissioner. Id.

---

[3] Usanee Assavapisalbool again incorrectly assumes that it was the typist that misunderstood her versus the opposite position that it was Usanee Assavapisalbool who is now changing her position. Likewise as pointed out in the opening motion, the identity of the typist could lead to additional information regarding what he was told and additional drafts. As for the taxicab logs sent in response to the methamphetamine investigation, certainly those were in Usanee Assavapisalbool's possession.

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 8 of 11

at ¶ 2.  Gwen Edwardsen was the Commissioner until she resigned in November 2003 to go to college.  <u>Id</u>.  Ms. Edwardsen was aware of five or six complaints against Usanee Assavapisalbool <u>before</u> the incident with Louisa Skipper on April 29, 2003.

> ¶ 4:  I am aware of 5 or 6 complaints aginst [sic] Usanee A. before the incident with Louisa Skipper on 4.29.03;
>
> ¶ 5:  The complaints against Usanee A., were for being rude to elderly, demanding more money than the fare and just taking advantage of them because they carry alot [sic] of cash with them in Barrow, Alaska.  Most of those complaining were elderly Eskimo women and they are very timid people and would more likely pay fees that were demanded of them;
>
> ¶ 6:  I called Usanee A. into my office to speak to her about these complaints and she would always deny them;
>
> ¶ 7:  I am the one who took the complaint from Louisa Skipper, see Ex. A;
>
> ¶ 8:  On each occasion I gave her verbal warnings that if this type of behavior continued she would be suspended and that she needed to be respectful towards her customers;

<u>See</u> Exhibit 1, Affidavit of Gwen Edwardsen.

In contrast, Usanee Assavapisalbool denied under oath any complaints in her deposition taken on March 1, 2006:

> Q:  Did you hear about any other passenger complaints about you from the Taxicab Commission, besides this April 29th, 2003 [Skipper] incident?
>
> A:  **No.**

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
<u>Scottsdale Insurance v. Assavapisalbool, et al.</u>, Case No. A05-101 CI (JKS)
Page 9 of 11

> Q: And I think you already said you did not hear about any passenger complaints about you as a taxicab driver from anybody else; is that right?
>
> A: **No, because if there was, I would be called into the office right away.**

Depo. pp. 56-57.

### VI. The Request for a Protective Order is Unsupported and Inappropriate

Counsel for Usanee Assavapisalbool belatedly requested a protective order but there is no admissible evidence in affidavit form or otherwise that would justify such a request. The sole citation her counsel referred to was in the deposition at page 52. It was a speculative statement by Usanee Assavapisalbool: "And she [Louisa Skipper] was probably wanting to give me more trouble by calling the City Hall and make a complaint, and to try to expel or chase me out of the city, of the town." This is not admissible evidence but is simply supposition. Moreover, defendant Usanee Assavapisalbool goes one step further and assumes that the typist would be threatened. Again, there is no evidence that Ms. Skipper, a 72 year old woman, has or would, threaten a person who typed up the answer for Usanee Assavapisalbool. Obviously, defendant Usanee Assavapisalbool has not been banished from Barrow but continues to live there.

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 10 of 11

## VII. CONCLUSION

It is respectfully requested that Skipper's Motion to Compel and for Costs be granted.

DATED at Anchorage, Alaska this 28th day of April 2006.

By:/s/ Frank J. Schlehofer_____
Frank J. Schlehofer
William G. Azar, P.C.
800 E. Dimond, Suite 3-440
Anchorage, Alaska  99515
Phone:  907-344-3434
Fax:  907-349-1687
Email: fjschlehofer@yahoo.com
Alaska Bar No. 9011111

**CERTIFICATE OF SERVICE**
I hereby certify that on this 28th day of April, 2006, a true and correct copy of the foregoing was served electronically on:

Mark A. Sandberg, Esq
msandberg@aol.com

Blake Call, Esq.
bhc@chklaw.net


_/s/  Traci L. Mosholder___
Traci L. Mosholder

Defendant Skipper's Reply to Usanee Assavapisalbool's Counsel's Limited Opposition to Motion for Sanctions
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 11 of 11