Frank J. Schlehofer
LAW OFFICE OF WILLIAM G. AZAR, P.C.
800 E. Dimond Blvd. Suite 3-440
Anchorage, Alaska 99515
Tel: (907) 344-3434
Fax: (907) 349-1687
fjschlehofer@yahoo.com


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. A05-101 Civil (JKS) |
| ) | |
| USANEE ASSAVAPISALBOOL and ) | |
| LOUISA SKIPPER, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

## MOTION TO HAVE TRIAL HELD IN BARROW, ALASKA; OR IN THE ALTERNATIVE, NOME, ALASKA

COMES NOW defendant Louisa Skipper, by and through

her attorneys, the Law Office of William G. Azar, P.C., and

requests that the trial be held in Barrow, Alaska, or as an

alternative, Nome, Alaska.  Louisa Skipper is not requesting

that the court filings be transferred to another court but

simply that the trial on the underlying factual issues be held

in Barrow, Alaska.  In brief, this case involves an insurance

declaratory action that was filed in Anchorage, Alaska by

Scottsdale Insurance Company.  The insured in this case was the taxicab driver, Usanee Assavapisalbool.  The underlying tort involved a claim brought against the taxicab driver, Usanee Assavapisalbool, by passenger Louisa Skipper.  The tort action was filed in Barrow, Alaska.  The tort occurred in Barrow, Alaska.  The defendant, Usanee Assavapisalbool, testified in her deposition that she lives in Barrow, and the defendant acknowledged that Louisa Skipper also lives in Barrow.  In order to ensure that the Alaska rural community continues to play an active role in deciding federal cases that occur in the bush, it is respectfully requested that the court consent to having the trial in Barrow, Alaska at the State Courthouse or, in the alternative, in Nome, Alaska where there is already a courthouse for federal proceedings.

## I.  **Federal Civil Rules**

Local Rule 3.3(d) refers to intra-district transfers. Under the Local Rule, it states that, "the court may decide on motion of a party or its own motion whether the action should be transferred to another location for case management or trial."  Under 28 U.S.C. § 81(A), Alaska constitutes one judicial district.  The statute states that court shall be held in Anchorage, Fairbanks, Juneau, Ketchikan, and Nome.  However,

28 U.S.C. § 1404(c) also authorizes a district court to order "any civil action to be tried at any place within the division in which it is pending."

## II.  **Factual Background**

Attached as Exhibit 1 is the March 1, 2006 Deposition of Usanee Assavapisalbool.  Usanee Assavapisalbool testified on depo p. 5 that she lives in Barrow, Alaska.  She has lived there for about five and one-half years.  Id. at depo p. 6. She stated that she is a taxicab driver.  Id.  Usanee Assavapisalbool was asked if she had ever lived in Anchorage to which she replied, "no, never."  Id. at depo. p. 28.  She also stated that her ex-boyfriend, Songpol Amornrit, who was previously the owner of the taxicab involved in Skipper's injury, had also never lived in Anchorage.  Id. at depo. pp. 28-29.  She testified that they did not purchase the insurance involved in this case in Anchorage but from an agent in Fairbanks, Alaska. Id. at depo. pp. 29-30.  There is also no dispute that Louisa Skipper lives in Barrow, Alaska and that she was injured in Barrow, Alaska.  Id. at depo. pp. 10-15. Depise the lack of any contacts to Anchorage, Alaska, Scottsdale filed its lawsuit in Anchorage, Alaska.

### III. Public Policy Supports Having Trials Conducted Where the Parties Reside and to Allow Rural Communities to Participate in Our Federal Judicial System

Judge Kleinfeld has recognized the risk of oppressive litigation tactics when cases are filed far afield from where the underlying tort action occurred.  In United States v. Rybacheck, 643 F. Supp. 1086 (Alaska 1986), Judge Kleinfeld ordered that a case be transferred from Anchorage to Fairbanks where the defendants resided.  The court noted that,

> There is a genuine risk of oppressive litigation tactics, if miners from Interior Alaska are forced to travel hundreds of miles to Anchorage for hearings, status and calendaring conferences, trial, and other proceedings.  The government may be able to use the location of proceedings as leverage to force unreasonable settlements, by putting the expense of litigation beyond what is economically practical for the miners.

In this case for example, Usanee Assavapisalbool does not have an attorney who has entered an appearance for her, thus she would incur substantial expenses in traveling to Anchorage, as she did for her first deposition.  See Exhibit 1, depo p. 43.

More importantly, there are overriding public policy issues which have been recognized by the Alaska Supreme Court that the rural community should not be deprived of their right to participate in the judicial system.  Implicitly, this has also been recognized in the federal judicial system, otherwise

it would not list Nome as one of the default cities for trial. Nor should the inconvenience that accompanies having a case heard in a rural community be sufficient grounds for depriving them of participating in our federal judicial system.

Nor should public policy be circumvented, dictated, or controlled by the ever-changing marketing conditions in the aviation industry which may make it more or less convenient at any particular time to justify the filing of a Barrow case in Anchorage, Alaska that has no connection substantively or otherwise to Anchorage, Alaska. If the courts were going to consider the fortuity of airplane travel, whether private attorneys are located where the tort occurred, and whether businesses have their principal place of business there, then it would be a foregone conclusion that virtually in every case, the rural community would be deprived of their right to participate in federal judicial cases based on inconvenience and cost.

The Alaska Supreme Court has specifically cautioned that the courts cannot succumb to the temptation of convenience by allowing cases that occur within the rural areas of Alaska to be entrenched within the enclaves of Alaska's greater cities. In Wilson v. City of Kotzebue, 627 P.2d 623 (Alaska 1981), the

supreme court reversed the trial court's order granting

Kotzebue's motion for a change of venue.

> In Alvarado v. State, 486 P.2d 891, 906 (Alaska
> 1971), we noted the cultural differences that exist
> between the urban and rural areas of the state and
> emphasized the importance of local jury selection.
> We stated that "[w]hen a large segment of the
> population lives in towns and villages scattered
> throughout the reaches of the state, we cannot afford
> to succumb to the temptation of convenience by
> allowing the machinery of justice to become
> inflexibly entrenched within the enclaves of our
> major cities.

Id. at 635.

Scottsdale Insurance Company may argue that it is

more convenient and efficient to try the case in Anchorage.  It

also would be more efficient to do away with jury trials but

efficiency should not be the tail that wags the dog.  Unless

there is a tort action that actually occurs in Nome, Alaska,

then an efficiency argument would override any long term public

policy of having our rural community participate in our federal

judiciary.

## IV.   <u>CONCLUSION</u>

It is respectfully requested that the court allow this case to be tried in Barrow, Alaska or in the alternative in Nome, Alaska.

DATED at Anchorage, Alaska this 1st day of May 2006.

By:/s/ Frank J. Schlehofer_____
Frank J. Schlehofer
William G. Azar, P.C.
800 E. Dimond, Suite 3-440
Anchorage, Alaska  99515
Phone:  907-344-3434
Fax:  907-349-1687
Email: fjschlehofer@yahoo.com
Alaska Bar No. 9011111

**CERTIFICATE OF SERVICE**
I hereby certify that on this 1st day of May, 2006, a true and correct copy of the foregoing was served electronically on:

Mark A. Sandberg, Esq
msandberg@aol.com


_/s/  Traci L. Mosholder___
Traci L. Mosholder