Mark A. Sandberg, Esq.
SANDBERG, WUESTENFELD & COREY, PC
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Tel:   907-276-6363
Fax:   907-276-3528

Attorneys for Scottsdale Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>USANEE ASSAVAPISALBOOL AND )<br>LOUISA SKIPPER, )<br>)<br>Defendants. )<br>) <br>) | <br><br><br><br><br><br><br><br><br><br>Case No. 3:05-cv-101-TMB |

**OPPOSITION TO MOTION TO HAVE TRIAL HELD IN BARROW, ALASKA; OR IN THE ALTERNATIVE, NOME, ALASKA**

This is plaintiff Scottsdale Insurance Company's Opposition to defendant Louisa Skipper's motion for an order that trial of this matter occur in either Barrow, Alaska or alternatively, Nome, Alaska. Skipper has failed to meet her burden of proof justifying a transfer of venue within the District of Alaska. The motion should be denied.

## FACTS

This declaratory relief action was first filed May 12, 2005. As a complaint for declaratory relief, it is governed by 28 U.S.C. § 2201. This is an insurance contract dispute. This action arises out of an underlying April 29, 2003 automobile accident in Barrow. In the underlying suit, Louisa Skipper alleges she was injured by the negligence of Usanee Assavapisalbool and/or Songpol Amornrit. Defendant Amornrit was dismissed from this declaratory relief and Defendant Assavapisalbool was defaulted in this case. Skipper was added as a defendant in Scottsdale's first amended complaint for declaratory relief filed August 17, 2005. Skipper is the only remaining defendant.

On October 27, 2005 counsel for Skipper entered an appearance and filed a jury demand. Skipper filed her answer on November 2, 2005.

## DISCUSSION

Venue and place of trial are governed by Local Rule 3.3 and 28 U.S.C. § 1391. (Venue generally.) There's no question that venue is appropriate in the District of Alaska. Skipper asks to have the case tried in either Barrow or Nome.

WITHDRAWAL OF ALLEGATION
Page 2
*Scottsdale Ins. Co. v. Assavapisalbool, et al*
Case No. 3:05-cv-101-TMB

Skipper's motion is akin to a motion for a transfer to another division within the same district. In those cases, the standards of 28 U.S.C. § 1404 apply. See 15 Wright, Miller and Cooper § 3809. See also Mohamed v. Mazda Motor Corp., 90 F. Supp 2d 757, 768.

In United States vs Rybachek, 643 F. Supp. 1086 (D. Ak. 1986), Judge Klienfeld held that § 1404 (a) did not apply in Alaska. Alaska constitutes one judicial district. The relevant statute provides that court shall be held at Anchorage, Fairbanks, Juneau, Ketchikan and Nome. 28 U.S.C. § 81A. As Judge Klienfeld noted, the statute, unlike those for a number of other districts, does not subdivide the district into divisions. In Rybacheck, Judge Klienfeld held that 28 U.S.C. § 1404 (c), not § 1404 (a) applied to a motion for a transfer within the District of Alaska. The vitality of Rybachek is in question given the 1988 repeal of the statute providing for choice of venue by division. Mohamed at 768. In either case, the Court has to apply some criteria for deciding the motion.

In the Rybacheck case, Judge Klienfeld went on to consider a number of the factors which are considered in a §1404 (a) motion, such as the convenience of the parties and their witnesses, and the interest of justice. Here, the Court should apply the long standing factors initially identified by the Supreme Court in Gulf Oil v. Gilbert, 330 U.S. 501, 508, 509 (1947) almost 60 years ago. See Mohamed at 771.

WITHDRAWAL OF ALLEGATION
Page 3
*Scottsdale Ins. Co. v. Assavapisalbool, et al*
Case No. 3:05-cv-101-TMB

Initially, because 28 U.S.C. §81A provides the court "shall" (emphasis added) be held at Anchorage, Fairbanks, Juneau, Ketchikan, and Nome, the request for a transfer to Barrow does not appear to be well taken. Barrow is not a place where court is held in the federal district court in Alaska.

In Rybachek, Judge Klienfeld put considerable emphasis on the fact that defendants, miners from the Fairbanks area, appeared pro se and were not lawyers, 643 F.Supp at 1087. Accordingly, they would have been required to either attend telephonically or travel to Anchorage for hearings, status and calendaring conferences, and trial, and other proceedings. That is not the case here. Here, counsel for all the parties are in Anchorage.

The factors applicable in a 28 U.S.C. § 1404(a) motion provide guideposts for the court to determine the convenience and fairness issues which underlie Skippers', and any venue motion. Many courts have used the "private interest" and "public interest" factors set forth in Gulf Oil, when deciding motions to transfer. Those private interest factors in the context of this case are (1) plaintiffs choice of forum, (2) convenience of the parties, (3) convenience of key witnesses, and (4) location of counsel. The public interest factors include (1) administrative difficulties with relocating the trial, and (2) local interest and imposition of jury duty.

WITHDRAWAL OF ALLEGATION
Page 4
*Scottsdale Ins. Co. v. Assavapisalbool, et al*
Case No. 3:05-cv-101-TMB

The plaintiffs' choice of forum is typically given great weight and generally should not be disturbed unless clearly outweighed by other considerations. <u>See</u> Gulf Oil, at 508. "Unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed."

Here, the convenience of neither the parties nor key witnesses is advanced by holding trial in Nome. No party or key witness appears to be from Nome. Travel to Nome from Barrow is an inconvenient as from Anchorage . A review of plaintiffs' preliminary witness list shows that Scottsdale's witnesses, all from Phoenix, are best served by trial in Anchorage.

No apparent administrative interest is served by moving the case from Anchorage to Nome. There would necessarily be costs and inconvenience for all parties, witnesses, and the Court.

Skipper puts great emphasis on the public policy consideration of permitting rural communities to not be deprived of their right to participate in the judicial system. Memo at 4-5 In Gulf Oil, the Supreme Court stated the federal rule being that the courts can consider the local interest in adjudicating localized controversies and the unfairness of burdening citizens in an unrelated forum with jury duty. 330 U.S. at 509. In this declaratory judgment action, pertaining to coverage of insurance policies, there is no localized controversy for the citizens of Nome to

WITHDRAWAL OF ALLEGATION
Page 5
*Scottsdale Ins. Co. v. Assavapisalbool, et al*
Case No. 3:05-cv-101-TMB

consider. For that reason, Skipper's reliance on <u>Wilson v. City of Kotzebue</u>, 627 P.2d 623 (Alaska 1981) is misplaced. That case, and related cases, look to the state's concern that cases that occur within the rural areas of Alaska be decided there. If this case was to be a trial of Skipper's claims for negligence against the driver, and were this case in state court, that might be a factor. The underlying case is already filed in Barrow. This is an insurance contract case which will in all likelihood be decided by this court on motion. Transferring this case for trial to Nome (or Barrow were it within the statutory scope) serves the convenience of no one. The motion should be denied.

DATED this 25 day of May, 2006, in Anchorage, Alaska.

/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
ABA: 7510084

WITHDRAWAL OF ALLEGATION
Page 6
*Scottsdale Ins. Co. v. Assavapisalbool, et al*
Case No. 3:05-cv-101-TMB


CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2006 a copy of the foregoing was served electronically and by regular U.S. Mail on:

Blake Call, Esq.
Call, Hanson & Kell
250 H Street
Anchorage, Alaska 99501

Frank Schlehofer, Esq.
Law Offices of William G. Azar
800 East Dimond Boulevard, Suite 3-440
Anchorage, AK 99515


s/Mark A. Sandberg

WITHDRAWAL OF ALLEGATION
Page 7
*Scottsdale Ins. Co. v. Assavapisalbool, et al*
Case No. 3:05-cv-101-TMB