Frank J. Schlehofer
LAW OFFICE OF WILLIAM G. AZAR, P.C.
800 E. Dimond Blvd. Suite 3-440
Anchorage, Alaska 99515
Tel: (907) 344-3434
Fax: (907) 349-1687
fjschlehofer@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> USANEE ASSAVAPISALBOOL and ) <br> LOUISA SKIPPER, ) <br> ) <br> Defendants ) <br> _____ ) | Case No. A05-101 Civil (JKS) |

**DEFENDANT LOUISA SKIPPER'S REPLY TO SCOTTSDALE'S OPPOSITION TO CHANGE OF TRIAL TO BARROW OR, IN THE ALTERNATIVE, NOME**

COMES NOW defendant Louisa Skipper, by and through her attorneys, the Law Office of William G. Azar, P.C., and files this Reply to Scottsdale's Opposition to Change of Trail to Barrow or, in the Alternative, Nome.

Scottsdale opposes having the case tried in either Barrow or Nome.  It first questions the validity of Judge Kleinfeld's opinion in United States v. Rybachek, 643 F.Supp. 1086 (D. AK. 1986).  Erroneously, Scottsdale argues that

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 1 of 7

Rybachek is in question given the repeal of statute 28 USC § 1393, which required that suit be brought in the division of the defendant's residence in cases where there were districts with multiple divisions. However, all that was repealed was the mandatory requirement that a case be filed within a certain division. It did not eliminate the discretion of the court to transfer a case from one location to another. To the contrary, LR 3.3(d) specifically authorizes a court, by motion or on its own, to move the trial location. Likewise, 28 USC § 1404(c) authorizes a court, but does not mandate, that a civil action can be tried in any place within a division. Thus, Judge Kleinfeld's opinion and reasoning would still be applicable today.

      Scottsdale also seems to assert that its decision where to file the case is sacrosanct. However, Scottsdale's emphasis on its choice of forum is misplaced, especially when Anchorage has no obvious connection to the underlying case. "Again, it is said that plaintiff's choice [of forum] is no longer the dominant factor that it was prior to adoption of 1404(a), or that it is to be given less weight if he chooses a forum with no obvious connection to the case, or flatly that it is 'relatively unimportant' and 'entitled to little weight.'" See 15 Wright, Miller and Cooper Federal Practice & Procedure §

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 2 of 7

3848 at p. 379-383. In this case, Scottsdale does not supply one single fact or argument to support that Anchorage has any connection to the underlying tort or legal issues.[1] With regard to Scottsdale's reference to its witnesses which are "all from Phoenix," these are individuals that are either employees or were hired by Scottsdale and thus courts place less emphasis on the convenience of these types of witnesses. See 15 Wright, Miller, and Cooper Federal Practice & Procedure § 3852 (convenience of expert witnesses need not be considered) and § 3851 fn. 7 (employees of party entitled less deference).

Scottsdale also diminishes the venue factor regarding the local interest in having a case adjudicated. Suffice it to say, Alaska is a unique state that does have two distinct cultures – one being the rural communities and one being the urban communities, i.e., Anchorage, Fairbanks, and Juneau. Nome and Barrow are both part of Alaska's rural community – Anchorage is not. The Appellate Courts of Alaska continue to

---

[1] One erroneous argument made by Scottsdale is that counsel are here in Anchorage but since Skipper's counsel wishes to change venue, in reality this means that Scottsdale's counsel is the only counsel who wants trial in Anchorage. Other courts have paid little heed to where counsel for an insurance company practice when considering changing venue from one district to another. See Aim Leasing Company v. Great West Casualty, 2002 U.S. Dist. Lexis 12248 (PA 2002) ("The sole purported connection to this District is Aim Leasing's assertion that one of Great West's lawyers handled the claim from a Philadelphia office. The court declines to retain venue on this basis…" "It is now generally accepted law that the convenience of counsel is to be disregarded when weighing transfer of venue.")

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 3 of 7

note that this is an important and distinct issue in our state. Although this was recently discussed in the context of a criminal case, the following case is still nonetheless relevant to show that the distinction between the rural community and the urban community in Alaska has not been abandoned by Alaska's appellate courts.

> In light of the "profound cultural Differences" that separate the life of a typical Alaskan villager from the type of existence led by residents of the larger cities of the state, the supreme court held that it is unlawful for a trial court to draw juries solely from the larger cities to decide the cases of defendants charged with committing crimes in rural villages.

Stickman-Sam v. State of Alaska, Opinion No. 2049 (Alaska App. 2006).

The appellate court reversed the superior court when it set the trial in Fairbanks and not Nenana based on convenience and travel issues.[2]

---

[2] It should be noted that defendant Skipper asked for a change of court and not for a change of venue where the file and case management activities would also have to be transferred. LR 3.3(d) specifically recognizes that the trial may be held in another location which is arguably distinct from a change of venue motion and the rules applicable to that issue. "In a diversity case, at least when transfer is on the motion of defendant, a change of venue under § 1404(a) generally should be, with respect to state law, but a change of court rooms." 15 Wright, Miller & Cooper Federal Practice and Procedures § 3854 at pp. 467-468. See also 15 Wright, Miller & Cooper at § 3846 p. 363 regarding some initial confusion until 1964 about the availability of a transfer for purposes of trial only.

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 4 of 7

Local interest is an important public interest factor that can override issues of convenience.

> Although, as Judge Friendly has pointed out, "the letter of the section might suggest otherwise," it is well established that the interest of justice is a factor to be considered on its own and an important one, and that the interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction.

15 Wright, Miller and Cooper Federal Practice and Procedure at § 384 at pp. 439-340.[3]

In this case, there is a strong public policy to have rural cases tried in the rural community. In addition, the issue of insurance coverage for taxicabs is also an important concern to those in the Bush community who depend greatly on taxicabs for travel.[4] In addition, one issue in the

---

[3]  Scottsdale cites Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). However, this opinion also recognizes: "Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. Id. at 508-509.

[4]  See deposition testimony of defendant Usanee Assavapisalbool at Docket 42, Exhibit 1, regarding the use of taxicabs in Barrow and existence of a Barrow Taxi Cab Commission.

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 5 of 7

declaratory action is the interpretation of the local taxicab codes regarding how much uninsured/underinsured motorist coverage is mandated.  See Skipper's Answer and Counter-Claim, paragraph 10, regarding failure of Scottsdale to comply with Barrow Municipal Code 7.36.40.  Moreover, Skipper filed a counter-claim for the tort of bad faith which tort occurred in Barrow and nowhere else.

The citizens of the rural community have an interest and should not be deprived of their right to participate in such judicial decisions.  Under Scottsdale's rationale, as long as it filed first, a case could always be tried in the city.

As a matter of public policy, if the court were to find, in essence, that since Scottsdale filed its lawsuit first, the case should remain in Anchorage, then such a ruling would simply encourage all litigants to file lawsuits prematurely and thus encourage forum shopping.  Instead, the proper public policy is for the courts to consider on the merits whether the trial should be held where the insurance contract was issued, where the insurance contract was to be performed, and where the alleged tort of bad faith occurred, in order to discourage both plaintiffs and defendants from forum shopping.  Simply stated, this is not a case where Skipper is trying to manufacture venue.  The alleged tort and breach of

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 6 of 7

contract occurred, and only occurred, in rural Alaska and that is where it should be tried.

### Conclusion

In conclusion, Skipper respectfully requests that the court grant her Motion to Change Trial to Barrow or, in the Alternative, Nome.

DATED at Anchorage, Alaska this 2nd day of June 2006.

By:/s/ Frank J. Schlehofer_____
Frank J. Schlehofer
William G. Azar, P.C.
800 E. Dimond, Suite 3-440
Anchorage, Alaska  99515
Phone:  907-344-3434
Fax:  907-349-1687
Email: fjschlehofer@yahoo.com
Alaska Bar No. 9011111

**CERTIFICATE OF SERVICE**
I hereby certify that on this 2nd day of June, 2006, a true and correct copy of the foregoing was served electronically on:

Mark A. Sandberg, Esq
msandberg@aol.com

Blake Call, Esq.
bhc@chklaw.net


\_/s/  Traci L. Mosholder\_\_\_
Traci L. Mosholder

Defendant Skipper's Reply to Scottsdale's Opposition to Change Trail to Barrow or in the Alternative Nome
Scottsdale Insurance v. Assavapisalbool, et al., Case No. A05-101 CI (JKS)
Page 7 of 7