IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SCOTTSDALE INSURANCE CO.,<br><br>           Plaintiff,<br><br>     vs.<br><br>USANEE ASSAVAPISALBOOL &<br>LOUISA SKIPPER,<br><br>           Defendants. | Case No. 3:05-cv-101  TMB<br><br><br>O R D E R |

      This matter was filed by Plaintiff Scottsdale Insurance Company on May 12, 2005, seeking declaratory relief under 28 U.S.C. §2201.  Docket 1.  Plaintiff alleged jurisdiction of this Court pursuant to diversity of the parties and an amount in controversy exceeding $75,000.  Id.  There is a related state court case filed in Barrow Superior Court, case number 2BA-05-23 CI.

      Defendant Usanee Assavapisalbool, ("Assavapisalbool"), was a taxi cab driver in Barrow, Alaska.  Assavapisalbool's employer was Arctic Cab, owned by Songpol Amornrit, ("Amornrit").  On April 29, 2003, Defendant Louisa Skipper, ("Skipper"),  was a passenger in Assavapisalbool's cab.  Docket 1, Exhibit A.  A disagreement between the two concerning the amount of Skipper's fare resulted in a verbal exchange between the parties, as well as a possible physical assault, but the facts are in dispute. The complaint filed by Louisa Skipper in Barrow Superior Court alleges negligent and intentional tort by Assavapisalbool, and negligent hire/supervision/entrustment by Amornrit.  Id., Exhibit A.  Skipper seeks compensatory and punitive damages and attorney fees, claiming injuries including physical pain, mental anguish, physical impairment, loss of earnings, loss of subsistence activities, medical expenses, emotional trauma, and non-economic losses including loss of enjoyment of life.

      Plaintiff Scottsdale Insurance Company issued a Commercial Auto insurance policy to Amonrit, which was in effect on April 29, 2003.  Docket 7 (Amended Complaint).  Scottsdale Insurance claims that the policy does not provide insurance coverage for the incident which is the subject of the underlying lawsuit in Superior Court, either on the facts as alleged by Skipper or

upon the "actual facts," because the policy provides commercial auto liability coverage for bodily injury caused by an "accident," and Skipper alleges an assault by Assavapisalbool. Id. Scottsdale Insurance seeks a declaratory judgment from this Court declaring that Scottsdale owes no duty to indemnify either Amornrit or Assavapisalbool against their liability, if any, as adjudicated by the Superior Court, and declaring that Scottsdale owes no further duty to defend Amornrit or Assavapisalbool in the underlying lawsuit. Id.

In the Amended Complaint, Scottsdale Insurance notes that it has been unable to acquire personal service over Amornrit, and believes he may have left the United States. For that reason, Amornrit was deleted as a party in the First Amended Complaint. Docket 7. Defendant Assavapisalbool has defaulted in this matter. Docket 5. However, default judgment has not been entered against her. Defendant Skipper has filed an Answer and Counterclaim, alleging, among other things, that Scottsdale Insurance Company breached common law and statutory duties of good faith and fair dealing in its handling of this matter, and violated the Unfair Claims Settlement Practices Act and Regulations, AS §§ 28.20.445, 28.22.221, and/or 21.89.020( c). Docket 13.

On January 23, 2006, this matter was reassigned to the undersigned. Docket 22. A Scheduling and Planning Order was entered on March 16, 2006, setting the close of discovery on December 31, 2006. Docket 28.

Pending before this Court is a Motion for a Second Deposition of Assavapisalbool and costs, (Docket 32), and a Motion for Change of Trial Location, (Docket 41), both filed by Defendant Skipper.

**Motion for Second Deposition**

The underlying claim by Scottsdale Insurance Company is that Assavapisalbool's actions against Skipper in the taxi in Barrow were intentional and thus outside the scope of insurance coverage. Amended Complaint ¶ 9. Accordingly, argues Skipper, Assavapisalbool's actions on the day in question are directly relevant to the insurance coverage issues in this case. Docket 32 at 3. Complaining that Assavapisalbool refused to answer pertinent questions at her deposition,[1] Skipper seeks a second deposition of Assavapisalbool, with the costs of the deposition, as well as costs and

---

[1] Skipper also suggests that Assavapisalbool perjured herself during the deposition. Id.

2

attorney fees associated with preparing the underlying motion, to be paid by Assavapisalbool and her attorney, Blake Call.[2]  Docket 32.

Specifically, Skipper complains that Assavapisalbool refused to provide the name of the individual who translated her five-page typed Answer in the Barrow case from Thai into English.[3] Docket 32 at 3.  Skipper argues that because there were no witnesses to the incident between she and Assavapisalbool, the testimony of the individual who spoke with her and typed the Answer would "clearly lead to admissible evidence."  Docket 32 at 8.  Skipper notes that there is no privilege that attaches to her translator, and that Alaska Evidence Rule 501 specifically states that "no person, organization, or entity has a privilege to: 1) refuse to be a witness; or 2) refuse to disclose any matter; or 3) refuse to produce any object or writing; or 4) prevent another from being a witness or disclosing any matter or producing any object or writing."  In addition, Federal Rule 26(a)(1)(A) governing Initial Disclosures requires a party to state " the name and, if known, the address and telephone number of each individual likely to have discoverable information."  Docket 32 at 9-10.  Skipper notes that Assavapisalbool could have moved for a protective order under F.R.Civ.P. 30(d)(4), but that she did not do so.  Docket 32 at 10.

Skipper suggests that a second deposition also is justified due to newly discovered evidence. Docket 32 at 13-15.  Specifically, Assavapisalbool testified at her deposition that she was unaware of any other passenger complaints to the taxi-cab commission.  However, further formal complaints dated prior to the incident with Skipper were discovered after the deposition.  Id., at 14; Docket 40 at 8.

Blake Call has entered a limited appearance for purposes of opposing the Motion for Sanctions.  Docket 38.  He observes that the underlying motion was not served on Assavapisalbool, and therefore suggests that sanctions against her individually would be inappropriate.  Docket 39 at 2.  Call further observes that "Plaintiff seeks costs and sanctions for a deposition that they did not

---

[2] Blake Call functioned as an advisor to Ms. Assavapisalbool at her deposition, but maintains that he is not her attorney in this action.  Mr. Call is Assavapisalbool's counsel in the underlying tort action in Barrow.  See Docket 39 at 3.

[3] During the deposition, Assavapisalbool testified that the document contained a few errors due to a mis-communication with the friend who translated it for her, but she refused to provide the name of that individual.

3

notice, and for which they did not pay any of the substantial costs." Id.  He suggests that if Skipper wishes to re-depose Assavapisalbool, she can do so at her own expense. Id.  As an apparent afterthought, Call moves for a protective order on Assavapisalbool's behalf, to "prevent harassment by Skipper against her typist," again noting that Assavapisalbool is "unrepresented in this Federal action." Docket 39 at 4-5.

In Reply, Skipper complains that Blake Call assumed a duty when participating in the deposition with Assavapisalbool, and now inappropriately disavows the burdens associated with that representation.  Docket 40.  Skipper argues that Fed. R. Civ. P. 30(d)(3) authorizes sanctions against any person who impedes or delays a deposition, not just an attorney of record.  Id. Skipper's counsel further suggests that service on Assavapisalbool was not warranted, as she has been defaulted in this matter, and that the presence of Blake Call at the deposition created an awkward situation with respect to service directly on Assavapisalbool by Skipper's counsel in this matter.  Id.

"Discovery under the Federal Rules of Civil Procedure is 'accorded a broad and liberal treatment.' Hickman v. Taylor, 329 U.S. 495, 507 (1947).  Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1).  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Id." Humphreys v. Regents of the University of Calif., 2006 WL 870963 (N.D.Cal.).

If a deponent fails to answer a question, and no privilege applies to that refusal to answer, the discovering party may move for an order compelling an answer.  Fed. R. Civ. P. 37(a)(2)(B). Expenses may be awarded against the deponent, "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (a)(4)(A).  Rule 37 further allows for reasonable expenses incurred in making such a motion to be assessed against "the attorney advising such conduct." Id.

The Court finds that the identity of the individual who translated the Answer from Thai into English could reasonably lead to admissible evidence.  Finding no privilege attaches to such

4

information, and finding no evidence or substantive argument or for a protective order in the underlying briefing, the Court concludes that the identity of the translator is discoverable information.

The issue of sanctions under Rule 37 is less clear. The moving party, Skipper, did not notice the original deposition, and did not incur the associated costs. The party who noticed the deposition, Scottsdale Insurance Company, apparently has no complaint that the identity of the translator was not disclosed. Assavapisalbool's attorney from the Barrow case, Blake Call, attended the deposition with Assavapisalbool, but has failed to enter an appearance on her behalf in this matter (presumably because Assavapisalbool has defaulted). Mr. Call did not go so far as to advise Assavapisalbool not to answer the disputed question, but neither did he affirmatively advise her that she had to answer it. Further complicating matters, the discussions between counsel during the deposition regarding the appropriateness of the question were not translated to Assavapisalbool through the Thai interpreter. Accordingly, this Court finds it would be unjust to award sanctions against Assavapisalbool, who arguably did not know what was going on during the untranslated portions of her deposition. The Court further finds that Mr. Call, though walking a thin line, did not affirmatively advise his client not to answer a question in violation of Rule 37. The unique circumstances in this case make an award of expenses unjust.

**Motion to Hold Trial in Alternate Location**

Defendant, Louisa Skipper, has moved this Court under Local Rule 3.3(d) to hold trial in this matter in the State courthouse in Barrow, Alaska, or in the alternative, in the Federal facility in Nome, Alaska. Docket 42. Skipper clarifies that she does not seek a change of venue, but only that trial in this declaratory judgment action be held in either Barrow or Nome. In support, Skipper notes that the underlying tort action in State court is located in Barrow, and that both defendants in this matter reside in Barrow. Id. She argues that holding this trial in one of these locations would "ensure that the Alaska rural community continues to play an active role in deciding federal cases that occur in the bush." Id.

Plaintiff opposes the motion, arguing that a transfer to Barrow is unwarranted given that Barrow is not a place where the Federal District Court for the District of Alaska has facilities. Docket 47. Plaintiff concedes that the Local Rules allow for transfer of an action to Nome under

5

Local Rule 3.3(b). However, Plaintiff notes that in this declaratory relief action, Skipper is the only active defendant in this case.[4] "[T]he convenience of neither the parties nor key witnesses is advanced by holding trial in Nome. No party or key witness appears to be from Nome. Travel to Nome from Barrow is as inconvenient as from Anchorage. A review of plaintiffs' preliminary witness list shows that Scottsdale's witnesses, all from Phoenix, are best served by trial in Anchorage." Docket 47 at 5. Skipper has filed a Reply. Docket 48.

The Court finds that this motion is premature. Defendant Skipper is clearly asking only "for a change of court and not for a change of venue where the file and case management activities would also have to be transferred." Docket 48, fn. 2. This Court agrees with Plaintiff that this declaratory judgment action "will in all likelihood be decided by this court on motion." Id., at 6. In the event that this matter does proceed to trial, Skipper may renew her motion to hold the trial at a location other than Anchorage.

**In light of the foregoing, it is hereby ordered as follows:**

1) Defendant Skipper's **Motion to Compel Second Deposition (Docket 32) is GRANTED IN PART AND DENIED IN PART.** Defendant Skipper shall be permitted to depose Defendant Assavapisalbool at Skipper's expense, on any facts relevant to this declaratory judgment action. See Fed. R. Civ. P. 30(a)(2)(B). In the alternative, Skipper may serve Assavapisalbool with written questions pursuant to Fed. R. Civ. P. 31(a)(2)(B).

2) Defendant Skipper's **Motion to change location of trial, (Docket 42), is DENIED WITHOUT PREJUDICE.**

3) Attorney Blake Call may not participate in any proceeding in this case without first filing an entry of appearance.

Dated at Anchorage, Alaska, this 8th day of June, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge

---

[4] Defendant Amornrit was dismissed, and Defendant Assavapisalbool was defaulted.